# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| MAGED "MATT" GUIRGUIS AND YOUHANNA "JOHN" LABIB, § § § | |
| *Plaintiffs,* § § | |
| v. § | CIVIL ACTION NO. _____ |
| § § | |
| DAVID EITCHES, § § | |
| *Defendant.* § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Maged "Matt" Guirguis ("Guirguis") and Youhanna "John" Labib ("Labib") (together, "Plaintiffs") file this Original Complaint against David Eitches ("Eitches"), as follows:

## SUMMARY

1. This is a breach of contract dispute. Plaintiffs loaned Eitches over $2.15 million in connection with various real estate transactions pursuant to various separate promissory notes. Each promissory note between Plaintiffs and Eitches allows Plaintiffs to recover the entire principal balance and accrued interest in the "Event of Default," which the promissory notes define to include Eitches' failure to make any payment when due. On January 1, 2021, Eitches failed to pay the accrued interest due under the Notes. Accordingly, pursuant to the promissory notes' terms, Plaintiffs seek to recover the full amount of the loans to Eitches, together with all unpaid interest, penalties, and attorneys' fees.

## PARTIES

2. Plaintiff Guirguis is an individual who is a citizen of the state of California for diversity citizenship purposes.

**ORIGINAL COMPLAINT**

**Page 1 of 6**

3. Plaintiff Labib is an individual who is a citizen of the state of California for diversity citizenship purposes.

4. Defendant David Eitches is an individual who is a citizen of the state of Texas for diversity citizenship purposes.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. section 1332(a)(1) because complete diversity of citizenship exists between Plaintiffs, both California citizens, and Defendant, a Texas citizen, and the controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. Venue is proper under 28 U.S.C. section 1391(b)(2) because a substantial part of the events related to Plaintiffs' claims occurred in this district.

## FACTUAL BACKGROUND

7. In 2017, Eitches approached Guirguis with a potential business venture to jointly purchase multifamily/multi-unit properties, leasing units to tenants on a long-term basis. But Eitches did not have the money to contribute to the proposed purchases. Guirguis agreed to loan Eitches his share of the purchase price, which Eitches agreed to pay back over time with interest.

8. Labib also joined with Guirguis and Eitches in purchasing some of the properties. Like Guirguis, Labib loaned Eitches his portion of the purchase price for the properties, which Eitches agreed to pay back over time with interest.

9. As agreed, Guirguis, Labib, and Eitches acquired several properties in the Dallas-Fort Worth area between October 2017 and February 2019, with Eitches receiving his share of the purchase price for each property from Guirguis and/or Labib.

10. All of the loans from Guirguis to Eitches were secured by promissory notes (the "Guirguis Notes"). Guirguis is identified in the Guirguis Notes as the "Lender" and Eitches as the "Borrower" and "Guarantor". The below table identifies each property associated with the Guirguis Notes and the loan amount.

| Associated Property | Loan Amount |
|---|---|
| 3702 Legendary Dr., Dallas, TX | $124,000 |
| 3901 N. Hall St., Dallas, TX | $105,000 |
| 3233, 3311, & 3321 Vernon Ave., Dallas, TX | $211,000 |
| 1302 N. Shiloh Rd., Garland, TX | $357,000 |
| 3302 Linda Dr. & 9851-9883 Webb Chapel Rd., Dallas, TX | $330,000 |
| 2807 Bachman St., Dallas, TX | $105,000 |
| 2821 Bachman St., Dallas, TX | $37,500 |
| 4319 Deere St., Dallas, TX | $230,000 |

11. The Guirguis Notes secure outstanding loans totaling $1,499,500. True and correct copies of the Guirguis Notes are attached to this Original Complaint as Exhibit A.

12. Promissory notes also supported the loans Eitches received from Labib (the "Labib Notes," and with the Guirguis Notes, the "Notes"). Labib is identified in the Labib Notes as the "Lender" and Eitches as the "Borrower" and "Guarantor". The below table identifies each property associated with the Labib Notes and the loan amount.

| Associated Property | Loan Amount |
|---|---|
| 1005 Metker St., Irving, TX | $183,000 |
| 9873 Brockbank Dr., Dallas, TX | $215,436.16 |
| 2800 W. Walnut St., Garland, TX | $69,000 |
| 410 International, Garland | $192,000 |

13. The Labib Notes secure outstanding loans totaling $659,436.16. True and correct copies of the Labib Notes are attached to this Original Complaint as Exhibit B.

14. The Notes are virtually identical and provide that Eitches "unconditionally promise[d] to pay" Plaintiffs the principal amounts stated in each Note, as well as interest calculated as follows:

> Interest will be charged on the unpaid principal until the full amount of principal has been paid. Interest on the outstanding principal balance shall accrue at a rate equal to the current Prime Rate published in the Wall Street Journal (adjusted in January and July each year), plus one percent (1%) per annum.

15. Under the terms of the Notes, Eitches is obligated to pay the accrued interest on the loans "[o]n the first day of January and each anniversary thereafter."

16. The Notes further provide that, in the Event of Default, "the entire principal balance and accrued interest on this Note at once becomes due and payable at the option of Lender" and that "failure to exercise this option does not constitute a waiver of the right to exercise the same in the event of any subsequent default."

17. The Notes define "Payment Default" as the Borrower "fail[ing] to make any payment when due under th[e] Note."

18. The Notes further provide that after default all unpaid amounts, including the principal and unpaid interest, bear interest at the rate of 10% per annum.

19. Eitches specifically waived his right to notice of presentment:

> Borrower hereby waives presentment for payment, notice of presentment, demand, notice of demand, notice of nonpayment, dishonor, notice of dishonor, protest, notice of protest and any and all other notices required by applicable law.

20. As of January 1, 2021, the outstanding interest due and payable under the Notes totaled more than $150,000.

21. On January 1, 2021, Eitches failed to pay any of the accrued interest required under the Notes. As of the date of filing of this Original Complaint, Eitches has failed or refused to pay the accrued interest in accordance with the terms of the Notes.

## CONDITIONS PRECEDENT

22. All conditions precedent to collection under the Notes and the filing of this Original Complaint have been satisfied or waived.

## COUNT 1: BREACH OF CONTRACT

23. Plaintiffs incorporate by reference the factual allegations contained in the preceding paragraphs as if fully set forth herein.

24. The Notes constitute valid contracts. Eitches signed each Note, agreeing to their terms, and each Note is supported by valid consideration.

25. Plaintiffs fully performed under the Notes by loaning Eitches over $2.15 million to purchase a share of certain properties, as set forth above.

26. Eitches breached his obligations under the Notes by failing to make the required interest payments on January 1, 2021.

27. Guirguis has sustained damages in the amount of $1,499,500, plus the accrued interest due under each of the Guirguis Notes.

28. Labib has sustained damages in the amount of $659,436.16, plus the accrued interest due under each of the Labib Notes.

## COUNT 2: ATTORNEY'S FEES

29. Plaintiffs incorporate by reference the factual allegations contained in the preceding paragraphs as if fully set forth herein.

30. All of the Notes provide for the recovery of attorney's fees:

> Lender may hire an attorney to help collect this Note if Borrower does not pay, and Borrower will pay Lender's reasonable attorneys' fees. Borrower also will pay Lender all other amounts Lender actually incurs as court costs, [and] lawful fees for filing . . . .

31. Plaintiffs have been forced to hire an attorney to help collect the principal and

interest due to them under the Notes as a result of Eitches's failure to pay. Plaintiffs therefore seek their reasonable attorneys' fees and costs pursuant to the Notes.

32. Alternatively, Plaintiffs seek to recover their reasonable and necessary attorneys' fees incurred in prosecuting their breach of contract claims under Texas Civil Practice & Remedies Code section 38.001(8), which creates a cause of action for the "recover[y] [of] reasonable attorney's fees from an individual . . . , in addition to the amount of a valid claim and costs, if the claim is for an oral or written contract."

## PRAYER FOR RELIEF

33. Plaintiffs respectfully request this Court: (1) issue judgment against Defendant for the breach of the Notes between him and Plaintiffs; (2) award Plaintiffs' their reasonable attorneys' fees and costs for prosecuting this action; and (3) award Plaintiffs all such further and other relief to which they may show themselves entitled.

Date: January 26, 2021

Respectfully submitted,

*/s/ Elliot Strader*
Elliot Strader
Texas Bar No. 24063966
elliot.strader@akerman.com
Xakema Henderson
Texas Bar No. 24107805
xakema.henderson@akerman.com
Michael B. Hess
Texas Bar No. 24095710
michael.hess@akerman.com
**AKERMAN LLP**
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile: 214.981.9339

**ATTORNEYS FOR PLAINTIFFS**